IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNIE FRANCZAK, | CASE NO. 5:12-cv-01453 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SUNTRUST MORTGAGE INC., | [Docket Item No(s). 30] |
| Defendant(s). | |

## I.   INTRODUCTION

On or about October 17, 2007, Plaintiff Bernie Franczak ("Plaintiff") executed a Deed of Trust for $417,000.00 in favor of Defendant Suntrust Mortgage Inc. ("Defendant") in order to purchase certain real property located in San Jose, California. See First Amended Complaint ("FAC"), Docket Item No. 11, at ¶ 9; see also Req. for Judicial Notice ("RJN"), Docket Item No. 13, at Ex. 1.[1]

Beginning in 2008, Plaintiff attempted to obtain a loan modification and alleges he defaulted on his loan payments in reliance on information obtained from Defendant. See FAC, at ¶ 10. His loan modification applications were ultimately unsuccessful, and Defendant commenced foreclosure proceedings. Id. at ¶ 20. Those proceedings have since been rescinded. See RJN, at Ex. 7.

---

[1] Defendant's RJN is GRANTED in its entirety. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

1  Plaintiff commenced this action against Defendant in state court on February 17, 2012. See
2  Docket Item No. 1. Wells Fargo removed the action to this court on March 22, 2012, alleging
3  federal jurisdiction under 28 U.S.C. § 1332. Id.

4  Presently before the court is Defendant's Motion to Dismiss the FAC. See Docket Item No.
5  30. Plaintiff has filed written opposition the motion. Having carefully considered the relevant
6  documents, the court finds this matter suitable for disposition without oral argument pursuant to
7  Civil Local Rule 7-1(b). As such, the hearing scheduled for March 8, 2013, will be vacated, and for
8  the reasons stated below, the motion to dismiss will be granted.

## II.  LEGAL STANDARD

10  Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient
11 specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it
12 rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A
13 complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim
14 upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is
15 appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a
16 cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.
17 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the
18 speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

19  When deciding whether to grant a motion to dismiss, the court generally "may not consider
20 any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d
21 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual
22 allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged
23 facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th
24 Cir. 1988). However, the court may consider material submitted as part of the complaint or relied
25 upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of
26 Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part
27 of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to
28 accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

Before discussing the specific causes of action, the court must first address two preliminary arguments made by Defendant concerning Plaintiff's bankruptcy filings and tender.

Defendant argues that Plaintiff should be judicially or equitably estopped from pursuing this action because he did not disclose his claims against Defendant in his bankruptcy filings. "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001). "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." Id. at 784.

Based on the document provided by Defendant, it does appear that Plaintiff initially failed to disclose his present claims. See RJN, at Ex. 8. That document, however, was filed in the bankruptcy court before this case was commenced. It is therefore unclear solely from this record whether Plaintiff had "knowledge of enough facts to know" of any claims against Defendant. It is equally unclear whether the present claims have been disclosed in the bankruptcy action over the past year. Accordingly, Defendant's request to estop Plaintiff from pursuing this case is denied without prejudice.[2]

Defendant also argues that this action should be dismissed because Plaintiff has failed to provide or allege fully tender of the amount owed. While it is true that "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure," such an argument is premature here. Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813, *7-8, 2009 WL 2136969 (N.D. Cal. July 16, 2009). As will be further discussed below, the property at issue is not currently the subject of pending foreclosure proceedings. That being the case, the tender rule is inapplicable.

---

[2] Plaintiff is advised, however, that estoppel may be applied in the future since he certainly has sufficient information at this time to disclose these claims in the bankruptcy case.

1    Having resolved Defendant's two foundational arguments, the court now turns to the specific
2 claims asserted in the FAC.

### 1.   Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing when it "informed Plaintiff that he would only receive assistance if he missed three loan payments." See FAC, at ¶ 10. Plaintiff further alleges that he "does not remember the specific statements Defendant made but was left with the impression that he was being encouraged to go late on his loan." Id. He believes this conduct violated Defendant's "implicit obligation not to hinder or prevent Plaintiff's ability to perform under the Loan." Id. at ¶ 25.

In California, a covenant of good faith and fair dealing is implied in every contract. Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371-72 (1992). Its purpose is to ensure that "'neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000) (quoting Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 658 (1958)). "[T]he factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

With regard to the first element concerning the existence of a contract, "[t]he implied covenant of good faith and fair dealing rests upon the existence of some *specific contractual obligation*. . . . [T]he implied covenant is limited to ensuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." Racine & Laramie, Ltd. v. California Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1031-32 (1992) (emphasis added).

Here, the allegations contained in the FAC do not state a claim for violation of the implied covenant of good faith and fair dealing in their current form. To begin, other than referencing the

general obligation to make monthly payments, Plaintiff has not identified the actual contract under which this cause of action arises. Nor has Plaintiff pointed out the specific contractual provision within this unidentified contract that Defendant purportedly impeded.

In addition, nothing alleged in the FAC could be classified as the type of "unfair interference" which, if proven, could support this claim. In fact, Plaintiff has not provided sufficient facts to support the conclusion he later alleges: that he was "encouraged" or "instructed" to default by Defendant. For an implied covenant claim to proceed, the allegations "must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990). Under the present allegations, it appears that Plaintiff inquired about the availability of a loan modification, was told that he needed to miss payments in order to qualify, and was somehow "left with the impression that he was being encouraged" to miss payments. See FAC, at ¶ 10. Nothing about these allegations suggests that Defendant "consciously" and "deliberately" sought to induce Plaintiff's default when it provided information that Plaintiff himself asked for. Indeed, it was Plaintiff's choice to pursue a loan modification in the end; the allegations do not indicate that Defendant forced Plaintiff into the process. "Being left with an impression" that a particular action is encouraged is something very different than actually being required to do something.

For these reasons, the claim for violation of the covenant of good faith and fair dealing will be dismissed with leave to amend because Plaintiff may be able to provide additional factual allegations consistent with the discussion above.

**2.   Wrongful Foreclosure**

As to the wrongful foreclosure claim, Plaintiff alleges that Defendant violated California Civil Code § 2924 *et. seq.* when it recorded a premature and inaccurate Notice of Default and failed to provide Plaintiff with sufficient information concerning loan modification applications. See FAC,

5
CASE NO. 5:12-cv-01453 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

at ¶¶ 36-38.

Preliminarily, judicially-noticeable documentation reveals that Plaintiff cannot presently maintain a cause of action for wrongful foreclosure due to the lack of a justiciable controversy. "Generally speaking, the statutory, nonjudicial foreclosure procedure begins with the recording of a notice of default by the trustee." Kachlon v. Markowitz, 168 Cal. App. 4th 316, 334 (2008). Here, Defendant rescinded the previously-recorded Notice of Default on January 17, 2012, and there is no evidence to suggest that a new Notice of Default has since been recorded. See RJN, at Ex. 7. Thus, there is not, at this time, a pending foreclosure proceeding which could be deemed wrongful. See Manzano v. MetLife Bank, N.A., Case No. CIV. 2:11-651 WBS DAD, 2011 U.S. Dist. LEXIS 56316, at *19-20, 2011 WL 2080249 (E.D. Cal. May 25, 2011). Accordingly, this claim must be dismissed because it is not currently ripe.

But even if this claim was ripe, it is not supported with factual allegations sufficient to state a claim. It appears that Plaintiff invokes the portions of Civil Code § 2924 that require the entity initiating foreclosure proceedings to record a Notice of Default which contains, *inter alia*, "[a] statement setting forth the nature of each breach actually known to the beneficiary," and a statement of the amount due to cure the default. Cal. Civ. Code §§ 2924(a)(1)(C), (D). In that regard, Plaintiff alleges that the Notice of Default could not state a "breach actually known to the beneficiary" because Defendant told him to default on his loan payments. See FAC, at ¶ 36. Plaintiff therefore concludes that he was not actually in breach. Id. In addition, Plaintiff contends that the amount of arrears reflected on the Notice of Default was incorrect because of Defendant's "own bad conduct" and that Defendant "engineered a default" by not keeping him apprised on the status of his loan modification applications. Id. at ¶¶ 37, 38. As already noted, however, Plaintiff's conclusion that Defendant induced his default is just that - his own conclusion. The FAC does not contain enough facts to support it.

The claim for wrongful foreclosure will be dismissed without prejudice and should not be included in an amended complaint unless Plaintiff can also allege that it is ripe for adjudication.

### 3.  Intentional Infliction of Emotional Distress

To support a claim for intentional infliction of emotional distress a plaintiff must show the

6
CASE NO. 5:12-cv-01453 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  following elements: "(1) extreme and outrageous conduct by the defendant with the intention of
2  causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's
3  suffering severe or extreme emotional distress; and (3) actual and proximate causation of the
4  emotional distress by the defendant's outrageous conduct." Potter v. Firestone Tire & Rubber Co., 6
5  Cal. 4th 965, 1001 (1993) (internal quotations omitted).  Conduct is "outrageous" if it is "so extreme
6  as to exceed all bounds of that usually tolerated in a civilized community." Id.

   With these elements in mind, it is apparent that Plaintiff has not stated a claim for intentional
infliction of emotional distress.  Putting aside Plaintiff's unsupported conclusion that Defendant
"engineered" his default, the allegations describing how Plaintiff came to stop making loan
payments are not "so extreme as to exceed all bounds of that usually tolerated in a civilized
community" for reasons already discussed.  Similarly, the need to re-submit documentation, while
annoying, simply cannot form the basis of this tort claim.

   The claim for intentional infliction of emotional distress is dismissed with leave to amend in
order to allow Plaintiff the opportunity to provide additional factual information.

### 4.    Equal Credit Opportunity Act ("ECOA")

The ECOA prohibits creditors from discriminating against any applicant "with respect to any
aspect of a credit transaction" based on certain defined classes: "(1) on the basis of race, color,
religion, national origin, sex or marital status, or age (provided the applicant has the capacity to
contract); (2) because all or part of the applicant's income derives from any public assistance
program; or (3) because the applicant has in good faith exercised any right under this chapter." 15
U.S.C. § 1691(a).  Plaintiff alleges that Defendant violated § 1691(d)(1) of the ECOA, which
requires creditors to notify applicants of a decision on a credit application within 30 days. See FAC,
at ¶ 54.  According to Plaintiff, he did not receive a decision on his 2008 loan modification
application until 2010, more than twelve months after he submitted it. Id. at ¶ 55.

   "Though the Ninth Circuit has yet to articulate the elements of an ECOA claim, numerous
district courts in this circuit have held that, to state a claim under ECOA, a plaintiff must allege that:
'(1) she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified
for credit; and (4) she was denied credit despite being qualified.'" Harvey v. Bank of America,

N.A., Case No. 12-3238 SC, 2013 U.S. Dist. LEXIS 23451, at *6, 2013 WL 632088 (N.D. Cal. February 20, 2013) (quoting Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009)).

Other than alleging that he was denied a loan modification, Plaintiff has not provided any other allegations satisfying the elements of a prima facie claim under the ECOA. He does not allege that is a member of a protected class, nor does he allege that he was qualified for a loan modification. This, of course, assumes that a loan modification can qualify as a "credit application," which itself is doubtful. See Owens v. Bank of America, N.A., Case No. 11-cv-4580-YGR, 2012 U.S. Dist. LEXIS 154435, at *12, 2012 WL 5340577 (N.D. Cal. Oct. 25. 2012) ("Denial of credit for purposes of the ECOA does not include 'refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.'" (quoting 15 U.S.C. §1691(d)(6))). This claim will be dismissed with leave to amend.

### 5. Rosenthal Fair Debt Collections Practices Act ("RFDCPA")

For this claim under the RFDCPA, Plaintiff alleges that Defendant made false and misleading statements in an attempt to collect a debt when it told him he needed to be in default in order to qualify for a loan modification and then had him resubmit documents relating to his modification application. See FAC, at 59, 60.

Plaintiff's tenuous theory of liability aside, this claim fails as a matter of law. A loan servicer is not a "debt collector" for the purposes of California Civil Code § 1788 and collection efforts related to a residential mortgage are not "debt collection." Gardner v. Am. Home Mortg. Servicing, Inc., 691 F. Supp. 2d 1192, 1198 (E.D. Cal. 2010); Gamboa v. Trustee Corps., Case No. 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *11, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009) ("[T]he law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA."). Because allowing for amendment of this claim would be futile, it will be dismissed without leave to amend. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

**6.    Unfair Competition Law ("UCL")**

Under the UCL, California Business and Professions Code § 17200, Plaintiff alleges the same facts as his other claims. Specifically, he contends that his allegations are "tethered" to the claims for violation of the implied covenant of good faith and fair dealing, violation of Civil Code § 2924, and intentional infliction of emotional distress. But since those three claims will be dismissed, this dependant claim must suffer a similar fate. Accordingly, the UCL claim is dismissed with leave to amend.

### IV.    ORDER

Based on the foregoing, Defendant's Motion to Dismiss (Docket Item No. 30) is GRANTED. The sixth cause of action for violation of the RFDCPA is DISMISSED WITHOUT LEAVE TO AMEND. The second cause of action for wrongful foreclosure is DISMISSED WITHOUT PREJUDICE. All other causes of action are DISMISSED WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **March 22, 2013.** Plaintiff is advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action without further notice. Plaintiff is further advised that he may not add new claims or parties without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

The hearing scheduled for March 8, 2013, is VACATED. The requests to appear by telephone (Docket Item Nos. 35, 36) are TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated: March 6, 2013

EDWARD J. DAVILA
United States District Judge