1   WRIGHT, FINLAY & ZAK, LLP
2   T. Robert Finlay, Esq., SBN 167280
    rfinlay@wrightlegal.net
3   Todd E. Chvat, Esq., SBN 238282
4   tchvat@wrightlegal.net
    4665 MacArthur Court, Suite 280
5   Newport Beach, CA  92660
6   Tel: (949) 477-5050; Fax: (949) 477-9200

7
    Attorneys for Defendant SUNTRUST MORTGAGE, INC., a Virginia
8   corporation (erroneously named as SUNTRUST MORTGAGE INC, a Delaware
9   business entity)

10              UNITED STATES DISTRICT COURT
11          FOR THE NORTHERN DISTRICT OF CALIFORNIA
12

13  BERNIE FRANCZAK, an individual, )  Case No.: 12-cv-01453-EJD
                                    )
14               Plaintiff,         )  **NOTICE OF MOTION AND**
                                    )  **MOTION TO DISMISS**
15      vs.                         )  **PLAINTIFF'S SECOND**
                                    )  **AMENDED COMPLAINT FOR**
16                                  )  **FAILURE TO STATE A CLAIM**
    SUNTRUST MORTGAGE INC, a        )  **UPON WHICH RELIEF CAN BE**
17  Delaware business entity; and Does 1 )  **GRANTED,  MEMORANDUM**
18  through 100, inclusive,         )  **OF POINTS AND AUTHORITIES**
                                    )  **IN SUPPORT THEREOF**
19               Defendants         )
                                    )  **[FRCP 12(b)(6)]**
20                                  )
21                                  )
                                    )  Date: August 30, 2013
22                                  )  Time: 9:00 a.m.
23                                  )  Crtm.: #4, Fifth Floor
24                                  )
                                    )  *[Defendant's   Request   For   Judicial*
25                                  )  *Notice filed concurrently herewith]*
26                                  )
27  _____)

28

-1-
**NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on <u>August 30, 2013</u> at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom #4, Fifth Floor, of the above entitled Court located at 280 South 1st Street, San Jose, CA 95113, Defendant SUNTRUST MORTGAGE, INC., a Virginia corporation (erroneously named as SUNTRUST MORTGAGE INC, a Delaware business entity) ("SUNTRUST" or "Defendant") by and through its attorneys of record, will move this Court to dismiss the Second Amended Complaint of Plaintiff BERNIE FRANCZAK ("Plaintiff") pursuant to *Federal Rule of Civil Procedure Rule* ("FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted. This Motion is made on the grounds that Plaintiff's claims are barred, he has failed to plead facts giving rise to a viable claim and his claims all fail as a matter of law.

This Motion is based upon this Notice, the supporting memorandum of points and authorities set forth below, the Request for Judicial Notice filed concurrently herewith, the complete files and records in this action, the oral argument of counsel and such other and further evidence as the Court might deem proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: April 29, 2013     By:     <u>/Todd E. Chvat/</u>
T. Robert Finlay, Esq.,
Todd E. Chvat, Esq.,
Attorneys for Defendant
SUNTRUST MORTGAGE, INC., a
Virginia corporation (erroneously named as
SUNTRUST MORTGAGE INC, a
Delaware business entity)

-2-

**NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES

I.     INTRODUCTION ...................................................................................1

II.    FACTUAL BACKGROUND ..................................................................2

III.   ARGUMENT...........................................................................................3

    A.     The Standards To Be Applied To A Motion To Dismiss ...............3

    B.     Plaintiff Should Be Judicially And Equitably
        Estopped From Prosecuting His Claims ........................................4

    C.     Plaintiff's First Cause of Action for Breach of Implied
        Covenant Fails.................................................................................6

        i.     Defendant Fulfilled Any Obligations Incumbent Upon It,
            If Any Existed ......................................................................7
        ii.    Defendant Did Not Hinder or Interfere With Plaintiff's
            Ability to Perform on the Loan .............................................9
        iii.   Loan Modification Negotiations Fall Outside of the Scope
            of the Implied Covenant.......................................................11

        iv.    Plaintiff Has Not Been Damaged As A Result of Defendant's
            Alleged Conduct...................................................................13

    D.     Plaintiff's Second Cause of Action for IIED Fails ........................16

    E.     Plaintiff's Third Cause of Action for Unfair Business
        Practices Fails.................................................................................18

IV.    CONCLUSION........................................................................................21

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

1

## TABLE OF AUTHORITIES

2    **Cases**                                                                    **Page No.**

3    Ashcroft v. Iqbal

4    129 S. Ct. 1937, 1949 (2009)................................................................4

5    Balistreri v. Pacifica Police Dep't,

6    901 F.2d 696, 699 (9th Cir. 1990). .....................................................4

7    Bell Atlantic Corp v. Twombly

8    127 S.Ct. 1955, 1974 (2007). ..............................................................4

9    Bell Atlantic v. Twombly

10   550 U.S. 544, 555 (2007)......................................................................4

11   Billmeyer v. Plaza Bank of Commerce

12   (1995) 42 Cal. App. 4th 1086, 1091 .....................................................5

13   Butler Rupp v. Lourdeaux

14   137 Cal. App. 4th 1220, 1229 (2005) .................................................17

15   Cal– Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.

16   20 Cal. 4th 163, 187 (1999) ...............................................................18

17   Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc.

18   2 Cal. 4th 342, 371- 372 (1992)............................................................6

19   Christensen v. Superior Court

20   (1991) 54 Cal.3d 868, 903 .................................................................16

21   City of Los Angeles v. San Pedro Boat Works

22   635 F.3d 440, 454 (9th Cir. 2011) ......................................................21

23   Comunale v. Traders & General Ins. Co.

24   50 Cal.2d 654, 658 (1958) ...................................................................6

25   Conley v. Gibson

26   355 U.S. 41, 45-46 (1957) ....................................................................3

27   Davidson v. City of Westminster

28   32 Cal.3d 197, 209 (1982). ................................................................17

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

De La Cruz v. Tormey
582 F.2d 45, 48 (9th Cir. 1978), cert. denied, 441 U.S. 965 (1979)...........................3

Degelman v. Advanced Med. Optics, Inc.
659 F.3d 835, 839 (9th Cir. 2011). .......................................................................20

Dumas v. Kipp
90 F.3d 386, 393 (9th Cir. 1996) ............................................................................4

Durning v. First Boston Corp.
815 F.2d 1265, 1267 (9th Cir. 1987) ......................................................................4

Elxsi v. Kukje America Corp
672 F. Supp. 1294, 1299 (N.D. Cal. 1987) ............................................................13

Ford v. Lehman Bros. Bank, FSB
2012 WL 2343898 at *8 (N.D. Cal. 2012) .............................................................20

Gillespie v. Civiletti
629 F.2d 637, 640 (9th Cir. 1980) ..........................................................................3

Guz v. Bechtel National, Inc.
(2000) 24 Cal.4th 317, 349–350 ...........................................................................13

Hale v. Sharp Healthcare
183 Cal. App. 4th 1373, 1384 (2010) ....................................................................19

Hamilton v. Greenwich Investors XXVI, LLC
(2011) 195 Cal. App. 4th 1602 ...............................................................................5

Hamilton v. Greenwich Investors XXVI, LLC
(2011) 195 Cal. App. 4th 1602, 1609 .....................................................................4

Hamilton v. State Farm Fire & Cas. Co.
270 F. 3d 778, 785 (9th Cir. 2001) .........................................................................5

Jensen v. Quality Loan Serv. Corp.
702 F.Supp.2d 1183, 1199 (E.D. Cal. 2010). .......................................................20

Khoury v. Maly's of California
14 Cal. App. 4th 612, 619, (1993) .........................................................................21

-5-

**NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Khoury v. Maly's of California, Inc.

(1993) 14 Cal.App.4th 612, 619 ...................................................................19

Khoury v. Maly's of California, Inc.

14 Cal. App. 4th 612, 619 (1993) ................................................................19

Kransco v. American Empire Surplus Lines Ins. Co.

23 Cal. 4th 390, 400 (2000) ..........................................................................6

McKell v. Wash. Mutual

142 Cal. App. 4th 1457 (2006) ...................................................................19

Nymark v. Heart Fed. S & L Assn.

231 Cal. App. 3d 1089, 1093 n. 1 (1991)). ...............................................16

Ortiz v. America's Servicing Co.

2012 WL 2160953 at *8 (C.D. Cal. June 11, 2012) ..................................15

Park v. First American Title Company

201 Cal. App. 4th 1418 (Nov. 23, 2011) ..............................................15, 16

Pasadena Live, LLC v. City of Pasadena

(2004) 114 Cal.App.4th 1089, 1094 ......................................................11, 12

Pennington v. HSBC Bank

493 Fed.Appx. 548, 2012 WL 4513333 at *3 (5th Cir. Oct. 3, 2012) ...................14

Pineda v. Reyes

2009 WL 3388376 (S.D.Cal., 2009)............................................................17

Price v. Wells Fargo Bank

(1989) 213 Cal.App.3d 465, 486. ................................................................17

Puentes v. Wells Fargo Home Mortg., Inc.

160 Cal. App. 4th 638, 643-644 (2008)........................................................18

Pulver v. AVCO Financial Services

182 Cal. App. 3d 622, 636 (1986). ..............................................................11

Racine & Laramie v. Department of Parks and Recreation

11 Cal. App. 4th 1026, 1031-32 (1992)....................................................11, 12

-6-

**NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Reynoso v. Paul Financial, LLC

2009 WL 3833298, *12 (N.D.Cal., 2009) ......................................................17

Rissetto v. Plumbers & Steamfitters Local 343

94 F.3d 597, 600 (9th Cir. 1996) .......................................................................8

Rosenfeld v. JP Morgan Chase Bank, N.A.

732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).....................................................6

Ross v. Creel Printing & Publishing Co.

(2002) 100 Cal.App.4th 736, 745 ...................................................................17

Saldate v. Wilshire Credit Corp.

711 F.Supp.2d 1126, 1137 (E.D.Cal.2010)). ..................................................20

Saunders v. Sup. Ct.

27 Cal. App. 4th 832, 838 (1999) ....................................................................18

See Branch v. Tunnell

14 F.3d 449, 453-54 (9th Cir. 1994)..................................................................4

Silicon Knights, Inc. v. Crystal Dynamics, Inc

983 F. Supp. 1303, 1316 (N.D. Cal. 1997).......................................................20

State Farm Fire & Cas. Co. v. Superior Court

45 Cal. App. 4th 1093, 1105.............................................................................19

Stewart v. Life Ins. Co. of North America

388 F.Supp.2d 1138 (2005) .............................................................................18

Storek & Storek, Inc. v. Citicorp Real Estate, Inc.

(1992) 100 Cal.App.4th, 44, 55 .......................................................................13

Troyk v. Farmers Group, Inc.

(2009) 171 Cal.App.4th 1305, 1346 ................................................................19

Wagner v. Prof'l Eng'rs in Cal. Gov't

354 F.3d 1036, 1044 (9th Cir. 2004) .................................................................9

Wallis v. Superior Court

(1984) 160 Cal.App.3d 1109, 1118 .................................................................13

**NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Westside Center Associates v. Safeway Stores 23, Inc.

(1996) 42 Cal. App. 4th 507, 523, 527 ................................................................16

**Statutes**

Bus. & Profs. Code §17204 ................................................................19

Business & Professions Code § 17200 ................................................1, 2,18

Cal. Bus. & Prof. Code §17200 ................................................................20

Civil Code 2924 ................................................................17

**Other Authorities**

11 U.S.C.A § 521 (1) ................................................................5

Park, supra, 201 Cal. App. 4th at 1425-1426................................................16

Pulver, 182 Cal. App. 3d at 636................................................................13

-8-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

As made crystal clear by Plaintiff's lack of any reasonable effort to submit a good faith amendment, this action has been brought solely to interfere with SUNTRUST's statutory and contractual right to foreclose following the admitted default on his $417,000.00 refinance home loan.  The simple truth is that Plaintiff could no longer afford the property and failed to make his payments on the subject loan beginning ***in late 2008***.  Yet now, despite his ***undisputed default for over four (4) years***, Plaintiff seeks refuge in nothing more than unsupported legal theories and wholly fabricated allegations.

Initially, Plaintiff's Complaint was filed on February 7, 2012 and asserted claims for: 1) breach of the implied covenant of good faith and fair dealing inherent in the loan agreement, 2) wrongful foreclosure, 3) intentional infliction of emotional distress, 4) unfair business practices under *Business & Professions Code* §17200.  Thereafter, in a further effort to delay, a First Amended Complaint ("FAC") was filed on April 26, 2012 which was <u>identical</u> to the original complaint in every way, except for the addition of a fifth and sixth cause of action for violations of the Equal Credit Opportunity Act and the California Rosenthal Fair Debt Collections Practice Act ("RFDCPA"). As candidly admitted by counsel, Plaintiff's FAC was filed ***"[i]n response"*** to Defendant's then pending motion to dismiss. [*See* Docket ("Dkt.") No. 39-2, *Declaration of Sarah Adelaars*, ¶3 (emphasis added)].

Defendant's motion to dismiss the FAC was granted in its entirety on March 6, 2013.[1]  On March 22, 2013, Plaintiff's Second Amended Complaint ("SAC") was filed and asserts three (3) causes of action for: 1) breach of the implied covenant of good faith and fair dealing, 2) intentional infliction of

---

[1] Plaintiff's fifth cause of action under the RFDCPA was dismissed without leave to amend.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

emotional distress ("IIED"), and 3) unfair business practices under *Business & Professions Code* §17200.

However, as before, Plaintiff's SAC is ***nearly identical*** to its predecessor and fails for the same reasons as did the FAC. In total, Plaintiff has utterly failed to address any of the FAC's shortcomings as recognized by the Court. Rather, the SAC offers nothing but additional unsupported conclusions which, in pertinent part, completely contradict Plaintiff's prior judicial admissions. Yet, even when taking Plaintiff's SAC at face value, it remains clear that no viable claims have been set forth. Plaintiff has added nothing of value to the SAC which could justify the continued pursuit of his claims. As indicated by the Court in its prior Order, Defendant has engaged in no impropriety and "Plaintiff's conclusion that Defendant induced his default is just that – his own conclusion."

For all the reasons detailed below, Defendant's motion should be granted and Plaintiff's SAC should be dismissed <u>without</u> further leave to amend.

## II.   FACTUAL BACKGROUND

On or about October 10, 2007, Plaintiff obtained a home loan refinance in the amount of $417,000.00 (the "Subject Loan") secured by a deed of trust ("DOT") to the subject property located at 1128 Quail Run Court, San Jose, California 95118 (the "Property"). [*See* Exhibit "1" to Defendant's Request for Judicial Notice ("RJN")]. The DOT securing the Subject Loan was recorded shortly thereafter on October 26, 2007 and identified SUNTRUST as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary, and Jackie Miller as the DOT Trustee. [RJN, Exhibit "1"]. In addition to the Subject Loan, Plaintiff obtained a second loan from SUNTRUST at the same time in the amount of $29,000.00. [RJN, Exhibit "2"]. <u>Only the Subject Loan is at issue in this action</u>.

On April 7, 2011, MERS, as nominee beneficiary, executed a corporate assignment indicating that the beneficial interest in the DOT had been assigned to

-2-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

SUNTRUST. [RJN, Exhibit "3"].  The Assignment was later recorded on April 14, 2011. Id.  Beginning in late 2008, Plaintiff stopped making payments on the loan and the parties engaged in numerous efforts to avoid foreclosure; Plaintiff was reviewed for a modification, later denied, reviewed again and eventually offered a permanent modification. [SAC, ¶¶9-17].  On October 6, 2011, well after Plaintiff had failed to accept the modification offered to him, a Notice of Default was recorded noting a delinquency at the time of $108,953.19. [RJN, Exhibit "4"].

On January 10, 2012, a Substitution of Trustee was recorded designating The Wolf Firm, a Law Corporation as Trustee under the DOT in place of Jackie Miller. [RJN, Exhibit "5"].  That same day, due to Plaintiff's failure to cure the outstanding default, a Notice of Trustee's Sale was recorded by The Wolf Firm, a Law Corporation setting a sale date for February 14, 2012. [RJN, Exhibit "6"].

On January 17, 2012, for reasons unrelated to this action, a Notice of Rescission of Declaration of Default was recorded. [RJN, Exhibit "7"].  This rescission withdrew the October 6, 2011 Notice of Default and cancelled the pending foreclosure sale based on said notice (Trustee's Sale No. 11-4236-11). Id. Nevertheless, on February 9, 2012, Plaintiff filed a voluntary Chapter 13 bankruptcy petition. [RJN, Exhibit "8"].  On February 17, 2012, Plaintiff's lawsuit was filed.  Based on complete diversity, Defendant removed the action to the instant Federal Court on March 22, 2012. [*See* Notice of Removal].

### III.   ARGUMENT

#### A.   The Standards To Be Applied To A Motion To Dismiss.

Under *FRCP* Rule 12(b)(6) a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *see also* Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980); De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), cert. denied, 441 U.S. 965 (1979).  In other words, Rule 12(b)(6) dismissal is proper where, assuming the facts as alleged are

true, there is no "cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss, the complaint must therefore allege sufficient facts to support a "claim for relief that is plausible on its face." Bell Atlantic Corp v. Twombly, 127 S.Ct. 1955, 1974 (2007). The Supreme Court has made it clear stated that "formulaic recitation of the elements of a cause of action will not suffice." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).  In May 2009, the Supreme Court further admonished that *FRCP* Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The Court made clear that "threadbare recitals of a cause of action's elements supported by conclusory statements" are insufficient to overcome a motion to dismiss. Id. at 1950.

In ruling on a motion to dismiss, the Court is not limited solely to the allegations of the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Rather, the Court may take judicial notice of recorded loan and title documents, and their contents, if they are referenced in the Complaint, and are thus deemed incorporated. *See* Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds*.

**B.    Plaintiff Should be Judicially and Equitably Estopped from Prosecuting His Claims.**

As a preliminary matter, it is important to note that *all* of Plaintiff's causes of action are barred the doctrine of equitable estoppel.  It is well settled that one seeking benefits under bankruptcy law must "satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights." Hamilton v. Greenwich Investors XXVI, LLC, 195 Cal. App. 4th 1602, 1609 (2011) (citing Oneida Motor Freight, Inc. v. United Jersey Bank (3d. Cir. 1988) 848 F. 2d 414, 416). "The result of a failure to disclose [any litigation likely to arise in a nonbankruptcy context] triggers application of the doctrine of equitable estoppel, operating against a subsequent attempt to prosecute the actions."

1    Hamilton, 195 Cal. App. 4th at 1609. The failure to disclose also triggers the

2    application of judicial estoppel, which "applies to preclude a party from assuming

3    a position in a legal proceeding inconsistent with one previously asserted." Id.; see

4    also Billmeyer v. Plaza Bank of Commerce (1995) 42 Cal. App. 4th 1086, 1091

5    ("courts that have considered the effect of a debtor's failure to disclose a potential

6    lender-liability lawsuit in a bankruptcy proceeding have universally held that the

7    debtor is equitably estopped, judicially estopped or barred by res judicata from

8    bringing the action…").

9         Here, Plaintiff's Chapter 13 bankruptcy petition was filed on February 9,

10   2012, eight (8) days prior to his original Complaint. [RJN, Exhibit "8" – Case No.

11   12-51014].  Plaintiff obviously had knowledge of his claims against moving

12   Defendant at the time of filing which allegedly took place way back in 2009 and

13   2010.  Therefore, Plaintiff had an affirmative duty to disclose the same in his

14   bankruptcy petition.  He has knowingly failed to do so.  Nowhere in his

15   bankruptcy schedules did Plaintiff reference his claims against Defendant as an

16   asset of the estate and when asked to list all "[o]ther contingent and unliquidated

17   claims of every nature" he responded "NONE." [RJN, Exhibit "8", pg. 10 of 36].

18        Moreover, the debtor's duty to disclose potential claims as assets in

19   connection with the bankruptcy petition does not end when the debtor files

20   schedules, but instead continues for the duration of the bankruptcy proceeding. 11

21   U.S.C. §521; Hamilton v. State Farm Fire & Cas. Co., 270 F. 3d 778, 785 (9th

22   Cir. 2001).  In fact, the Court has already addressed Plaintiff's duty and failure to

23   disclose his claims in its prior Order. [RJN, Exhibit "9", "Order Granting

24   Defendant's Motion to Dismiss", Dkt. No. 37, fn. 2 ("Plaintiff is advised…that

25   estoppel may be applied in the future since he certainly has sufficient knowledge

26   at this time to disclose these claims in the bankruptcy case."].  Yet, to date,

27   ***Plaintiff has still failed to disclose his claims as an asset in his bankruptcy***

28   ***petition***. [See current Bankruptcy Court docket as of April 29, 2013 - RJN, Exhibit

-5-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

1    "10"].  No amended schedules have been filed, nor have any other submissions

2    been made in the petition disclosing Plaintiff's claims.  <u>Id</u>.

3        As a result of his continued failure to disclose either his litigation or his

4    claims, Plaintiff should be judicially and equitably estopped from asserting any of

5    his claims in this action.

6    **C.   <u>Plaintiff's First Cause of Action for Breach of Implied Covenant Fails.</u>**

7        In California, a covenant of good faith and fair dealing is implied in every

8    contract.  <u>Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc.</u>, 2 Cal. 4th 342, 371-

9    372 (1992).  Its purpose is to ensure that "neither party will do anything which will

10   injure the right of the other to receive the benefits of the agreement."  <u>Kransco v.</u>

11   <u>American Empire Surplus Lines Ins. Co.</u>, 23 Cal. 4th 390, 400 (2000) (quoting

12   <u>Comunale v. Traders & General Ins. Co.</u>, 50 Cal.2d 654, 658 (1958)).  "[T]he

13   factual elements necessary to establish a breach of the covenant of good faith and

14   fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his

15   obligations under the contract; (3) any conditions precedent to the defendant's

16   performance occurred; (4) the defendant unfairly interfered with the plaintiff's

17   rights to receive the benefits of the contract; and (5) the plaintiff was harmed by

18   defendant's conduct."  <u>Rosenfeld v. JP Morgan Chase Bank, N.A.</u>, 732 F. Supp. 2d

19   952, 968 (N.D. Cal. 2010).  Here, Plaintiff has not and cannot set forth a viable

20   claim for violation of the implied covenant.  As detailed below, Plaintiff has added

21   absolutely nothing of value or substance to this claim which was not already pled

22   in the FAC and ultimately invalidated by the Court.

23       Plaintiff's SAC, as did his FAC, basically alleges that SUNTRUST breached

24   the implied covenant of good faith and fair dealing inherent in the Note and DOT

25   by encouraging him to default on his loan. [SAC, ¶¶22-29].  Specifically, Plaintiff

26   alleges that "[i]n or around September of 2008…he contacted Defendant to inquire

27   about his options in reducing his monthly payment" and "informed" Defendant at

28   this time that "he had substantial equity in his property so [he] would prefer to the

-6-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

[sic] sell the property if lower monthly payments were not an option." [SAC, ¶9]. In response, Defendant allegedly "promised" Plaintiff that "he could obtain lower payments if he applied for a loan modification." [SAC, ¶¶10, 19]. Ultimately, Plaintiff alleges that after two separate trial plans (the first of which was denied), he was offered a permanent modification but at a much higher monthly rate than expected. [SAC, ¶¶13-17]. Plaintiff did not accept this offered modification and instead argues that "Defendant dealt with him in bad faith and hindered his ability to perform under the Loan when it told Plaintiff that he would need to miss payments on his loan." [SAC, ¶25].

Plaintiff fails to set forth a viable claim for breach of implied covenant as follows.

i. *Defendant Fulfilled Any Obligations Incumbent Upon It, If Any Existed.*

First and foremost, Plaintiff's FAC (which he cannot now contradict) verifies that Defendant engaged in no impropriety and, in fact, did everything it allegedly represented it would. In no uncertain terms, Plaintiff's FAC alleged Defendant "encouraged [him] to default on his loan ***to be considered*** for a modification…" [*See* FAC, ¶29 (emphasis added)]. Plaintiff also alleged that he was "encourage[d]…to miss payments so that he could ***qualify*** for a loan modification…" [*See* FAC, ¶3 (emphasis added)]. Thus, Plaintiff admits that his default was voluntary and that he was merely told that his loan would be reviewed or considered for a modification. In connection therewith, Plaintiff clearly alleges that his loan was indeed reviewed twice for a modification, which eventually led to the offering of a permanent modification in 2010. [SAC, ¶¶11-17]. Plaintiff did not accept this offered modification though because the monthly payment was allegedly higher than expected.

Therefore, by his own admissions, Defendant fulfilled any and all alleged obligations incumbent upon it, *i.e.*, SUNTRUST admittedly ***reviewed*** and ***considered*** Plaintiff for a modification multiple times; Plaintiff was even offered a

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

permanent modification which he refused to accept. [SAC, ¶17].[2]   Plaintiff's

contradictory allegations in the SAC that he was "promised" a modification with

"lower payments if he applied for a loan modification" are frivolous. [*See* SAC,

¶¶10, 19].  Unfortunately for Plaintiff, his prior admissions in the FAC evidence

he was not promised anything and was never instructed to withhold any payments.

Further, Plaintiff's allegations make no sense; what is the point of applying if you

are guaranteed a particular outcome?   Additionally, the idea that a lender or loan

servicer would *orally*[3] promise a borrower a permanent modification without any

review of their actual financial documentation if they simply withheld payments is

in and of itself implausible and borderline ridiculous.  Clearly, Plaintiff is trying to

manufacture a claim where none exists.  As Plaintiff himself concedes, there is,

and never was, any mandatory duty on Defendant to modify Plaintiff's loan.

Plaintiff's new allegations which contradict his prior admissions are

improper and barred by the doctrine of judicial estoppel. "Judicial estoppel,

sometimes also known as the doctrine of preclusion of inconsistent positions,

precludes a party from gaining an advantage by taking one position, and then

seeking a second advantage by taking an incompatible position." Rissetto v.

Plumbers & Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996).  It is "an

---

[2] Plaintiff alleges that the permanent modification offered to him was unacceptable because it was at a much higher monthly rate than represented.  Specifically, the SAC argues that "[i]n or around March 2010, [he] was approved for *another modification* and entered into *another trial payment plan*, whereby Plaintiff was to pay $1,151.55 per month" and "[a]t the conclusion of the *Trial Payment Plan*, Defendant indicated that Plaintiff would receive a permanent modification with a payment that was substantially similar to the payment under the Plan." [SAC, ¶16].  Yet, **Plaintiff's allegations are again contradicted by his prior admissions**.  As alleged in his FAC, "[i]n March 2010, Plaintiff again contacted Defendant seeking a loan modification and informed Defendant of additional income to be considered in his loan modification request.  Thereafter, Plaintiff and Defendant entered into a ***three-month Forbearance Agreement***, which required Plaintiff to pay $1,151.55 per month." [FAC, ¶17]. Therefore, Plaintiff was actually offered a forbearance agreement in March 2010, not a Trial Payment Plan at all.  Plaintiff's contradictory allegations herein are improper and should be disregarded.

-8-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts." <u>Wagner v. Prof'l Eng'rs in Cal. Gov't</u>, 354 F.3d 1036, 1044 (9th Cir. 2004) (internal quotation marks omitted).  The doctrine applies to a party's legal *as well as factual assertions*. <u>Id</u>. (emphasis added).

As such, it is apparent that Defendant did not breach any implied covenant, let alone any implied covenant inherent in the Note and DOT.  Rather, Defendant admittedly did exactly what it said it would do; Plaintiff's loan was *reviewed* and *considered* multiple times for a modification.

> ii.   <u>*Defendant Did Not Hinder or Interfere With Plaintiff's Ability to Perform on the Loan*</u>.

More importantly, Plaintiff's claim fails because Defendant did not induce his default and did not hinder his ability to perform under then Loan in any way. Again, as stated in prior pleadings, Plaintiff alleged that although he "does not remember the specific statements Defendant made...*[he] was left with the impression that he was being encouraged to go late on his loan.*" [FAC, ¶10 (emphasis added)]. Plaintiff's SAC confirms the same. [SAC, ¶1 ("Defendant... *encourag[ed]* Plaintiff to miss payments..."); ¶22 ("Plaintiff only went late on payments after he was *encouraged* to do so..."); ¶25 ("Defendant dealt with him in bad faith...[by] *encouraging* Plaintiff to default on his loan.")]. Plaintiff's "impression" that he was being "encouraged" to miss his payments cannot reasonably be deemed an affirmative instruction or directive by Defendant meant to frustrate or interfere with Plaintiff's performance under the Loan.

As it stands, Plaintiff judicially admits that Defendant did not hinder his ability to do anything. Rather, Plaintiff alleges he was simply given the "impression" and "encouraged" that he should default on his loan. Defendant in

---

[3] The SAC, paragraphs 9-10, specifically allege that Defendant's promise was made during an initial "phone call" regarding his financial status.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

no way interfered with Plaintiff's ability to pay his mortgage.  Indeed, the Court has already recognized that Plaintiff was not induced into anything:

> [I]t appears that Plaintiff inquired about the availability of a loan modification, was told that he needed to miss payments in order to qualify, and was somehow "left with the impression that he was being encouraged" to miss payments. (citation omitted). Nothing about these allegations suggests that Defendant "consciously" and "deliberately" sought to induce Plaintiff's default when it provided information that Plaintiff himself asked for.  Indeed, *it was Plaintiff's choice to pursue a loan modification in the end*; the allegations do not indicate that Defendant forced Plaintiff into the process. *"Being left with the impression" that a particular action is encouraged is something very different than actually being required to do something*.

[RJN, Exhibit "9", pg. 5, ln. 13-21 (emphasis added)].

Plaintiff has added absolutely nothing to the SAC to suggest that Defendant induced him to do anything or that the Court's prior ruling was incorrect. Therefore, Plaintiff's identical allegations set forth again in the SAC must equally fail. As stated best by the Court, "nothing alleged in the [SAC] could be classified as the type of "unfair interference" which, if proven, could support this claim." [RJN, Exhibit "9", pg. 5, ln. 4-5].

Furthermore, as detailed in prior law and motion, Plaintiff's argument is illogical. SUNTRUST, as the originating lender, has a direct financial interest in the repayment of the Loan. Why would it induce Plaintiff to stop making payments on the loan or intentionally interfere with his ability to perform so it could consider him for a loan modification whereby it would be entitled to receive less money?  This simply does not make sense.  Obviously, at most, Plaintiff was told that he was not eligible for a modification since he was not then in default. Since Plaintiff was admittedly current on his loan, he was not in need of a modification to begin with. [SAC, ¶9]. Claiming that such a statement equates to Defendant inducing Plaintiff to withhold his payments or intentionally attempting

-10-

to interfere with his ability to do so is irrational. Defendant was under no obligation to modify the loan and Plaintiff's conscious decision to stop paying his mortgage in order "to be considered for a modification" was done on his own free will.

      iii.    *Loan Modification Negotiations Fall Outside of the Scope of the Implied Covenant.*

Third, it is well settled that the implied covenant is "limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract..." Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1094 (2004); Racine & Laramie v. Department of Parks and Recreation, 11 Cal. App. 4th 1026, 1031-1032 (1992). "The scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract" since the implied covenant is intended only to "protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Carma Developers (California), Inc. v. Marathon Dev. California, Inc., 2 Cal. 4th 342, 373 (1992). In the context of the implied covenant, the purpose of a loan agreement is to transfer money from lender to borrower. Pulver v. AVCO Financial Services, 182 Cal. App. 3d 622, 636 (1986).

Here, Plaintiff reasons that Defendant breached the implied covenant inherent in the Note and DOT when it "encouraged" him to default thereunder in order to qualify for a modification. However, Plaintiff's reliance on the mortgage agreement is misplaced in that the fundamental benefit it offers to a borrower is the receipt of sums of money from the lender. Id. As such, any implied covenants necessarily arise out of this fundamental benefit. Plaintiff fails to identify any provision of the mortgage agreement which would require Defendant to modify his Loan, engage in meaningful modification negotiations, or advise him as to his eligibility for a modification. Such a duty/covenant does not flow from the express terms of the loan agreement. And, in fact, Plaintiff's desire to modify the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

loan is diametrically opposed to the express terms set forth in the Note and DOT. Because the terms of the contract (i.e., the Note and DOT) do not relate to any such duty, no implied duty with respect to modification negotiations can exist. The implied covenant cannot be extended to create obligations not contemplated by the contract. *See* <u>Pasadena Live, LLC v. City of Pasadena</u>, 114 Cal. App. 4th 1089, 1094 (2004); <u>Racine & Laramie v. Department of Parks and Recreation</u>, 11 Cal. App. 4th 1026, 1031-1032 (1992).

In a weak attempt to set forth his claim Plaintiff cites "Covenant" 1 and 18 of the DOT for support. [SAC, ¶¶24, 26]. Plaintiff's efforts are unavailing. Paragraph 1 of the DOT states "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note..." Plaintiff cites to this paragraph and argues that "Plaintiff has an obligation to make monthly payments" and Defendant "hindered his ability to perform under the Loan when it told [him]...to miss payments on his loan[.]" [SAC, ¶¶24-25]. However, as detailed above, Plaintiff's ability to make payments on the loan was not hindered by Defendant and he was not induced into defaulting on his loan.

Next, Plaintiff cites to paragraph 18 of the DOT which states "[i]f all or any part of the Property...is sold or transferred...without Lender's prior written consent, Lender may require immediate payment in full..." [SAC, ¶26]. In accordance with this provision, Plaintiff argues that "[i]mplicit in this covenant is the obligation of Defendant to not unreasonably withhold its consent and not to hinder Plaintiff's ability to sell his property or obtain consent." <u>Id</u>. Plaintiff alleges that Defendant hindered his ability to sell the Property for a profit which "frustrates the very essence of a Deed of Trust" [SAC, ¶27]. Plaintiff's argument is nonsensical.

First, the "essence" of the DOT has absolutely nothing to do with any purported attempts by Plaintiff to sell the Property. In fact, the very paragraph Plaintiff references stands for exactly the opposite; that the Property cannot be sold without the express written consent of Defendant. Second, as detailed above,

-12-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff was not induced into anything and Defendant did not hinder his ability to sell the Property. ***"[I]t was Plaintiff's choice to pursue a loan modification in the end***; the allegations do not indicate that Defendant forced Plaintiff into the process." [RJN, Exhibit "9", pg. 5, ln. 18-20 (emphasis added)].

In addition, the covenant of good faith and fair dealing exists merely to prevent one contracting party from unfairly frustrating the other party's **right to receive the benefits of the agreement thereby depriving him the benefits of the agreement made**. Guz v. Bechtel National, Inc. (2000) 24 Cal.4th 317, 349–350; Storek & Storek, Inc. v. Citicorp Real Estate, Inc. (1992) 100 Cal.App.4th, 44, 55; Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990). In this case, Plaintiff already received the "benefits" of the mortgage agreement by receiving the loan funds to purchase the Property. Pulver, 182 Cal. App. 3d at 636. The actual repayment of the Loan is an obligation that benefits Defendant, not Plaintiff. Thus, Defendant's purported "encouragement" to default cannot be said to have interfered with, frustrated, or otherwise deprived Plaintiff of *his rights* to receive any benefits under the Loan.

Finally, in order to allege breach of the implied covenant, a plaintiff must allege: (1) unequal bargaining power; (2) non-profit motive for entering into the contract; (3) inadequacy of ordinary contract damages; (4) special vulnerability on the part of plaintiff due to the harm it would suffer from non-performance by other party; and (5) other party's awareness of this vulnerability. Wallis v. Superior Court, 160 Cal. App. 3d 1109, 1118 (1984); Elxsi v. Kukje America Corp, 672 F. Supp. 1294, 1299 (N.D. Cal. 1987) (and cases cited therein). Plaintiff's SAC does not satisfy any of these requirements.

> iv.   *Plaintiff Has Not Been Damaged As A Result of Defendant's Alleged Conduct.*

Lastly, at a minimum, Plaintiff's cause of action fails since he was not harmed as a result of any action, or inaction, on Defendant's part. Plaintiff alleges that as a direct result of Defendant's interference, he suffered "various harms,

-13-

including but not limited to... the accumulation of excessive arrears on the Loan[,]...overcharges, loss of equity, incurred attorney's fees and costs to save his home, a loss of reputation and goodwill, and destruction of credit..." [SAC, ¶¶28-29].  This is entirely insufficient.  First of all, Plaintiff's allegation that he was damaged by Defendant as a result of the fallout of his default is not only insufficiently pled, but blatantly improper.  As discussed, Defendant did not induce Plaintiff to default on his loan by any stretch of the imagination; instead Plaintiff voluntarily chose to take part in the modification review process.  Any collateral damage stemming from his own conscious decision to withhold payment is of nobody's fault but his own.[4]

Furthermore, with regard to Plaintiff's credit rating and excessive fees, it is important to note that Defendant was entitled to report Plaintiff's default and charge related fees under the express terms of the Note and DOT.  Defendant's conduct in doing something it was contractually authorized to do cannot be grounds to support a breach of implied covenant claim.  And regardless, Plaintiff's legal theory is misplaced.  The former foreclosure proceeding (along with being subject to negative credit reporting and related fees/costs, and loss of reputation and goodwill) was the ***direct result of Plaintiff's failure to keep his loan current***, not any purported promise or representation made by SUNTRUST. Under the circumstances, Plaintiff cannot reasonably establish any damages ***caused*** by

---

[4] Plaintiff essentially argues that he was wrongfully induced into defaulting on his Loan.  Yet, as the Fifth Circuit Court of Appeals has correctly noted, borrowers are only eligible for a trial payment plan if they are actually in default, or their default is imminent. Pennington v. HSBC Bank, 493 Fed.Appx. 548, 2012 WL 4513333 at *3 (5th Cir. Oct. 3, 2012) (invalidating the borrower's claim that the bank induced her to withhold her payments in exchange for a permanent HAMP modification).  As such, Defendant's alleged statement that Plaintiff must be in default to "qualify" for a modification was not untrue as a matter of law.  Furthermore, per the *Pennington* court, Plaintiff's own allegation that he would not have defaulted had it not been for Defendant's alleged misrepresentation establishes with certainty that he cannot prevail. Id. ("[b]y Smith's own pleadings, she was ineligible for a...loan modification... In the light most favorable to Smith, her assertion that she would not have fallen behind...shows she was ineligible for the loan modification.").

-14-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant. *See* <u>Ortiz v. America's Servicing Co.</u>, 2012 WL 2160953 at \*8 (C.D. Cal. June 11, 2012) ("plaintiff's allegations indicate that plaintiff lost her home because she defaulted on the loan, not because of defendants' alleged representations that defendants would approve plaintiff for a loan modification."). Similar to *Ortiz*, Plaintiff faced foreclosure and was thereby subject to negative credit reporting and related costs as a direct result of his own default.  And as an aside, Plaintiff's excessive fees argument is erroneous since he admittedly never paid any of these fees and thus incurred no damages.

Lastly, with respect to the allegation that he lost equity by not selling his home for a profit, Plaintiff's bare-boned allegation cannot establish a legitimate claim for damages.  A defendant's actions must be a substantial factor in causing damage.  Here, Plaintiff's conclusory allegations regarding a potential sale of the property amount to nothing more than pure speculation.  In fact, in <u>Park v. First American Title Company</u> (2011) 201 Cal. App. 4th 1418, the California appellate court recently invalidated such a speculative "lost opportunity" or "lost equity" theory of recovery.  In *Park*, the plaintiff had alleged that a trustee's error and delay in the foreclosure process cost her the sale of her property to a prospective purchaser for a profit.  This is akin to the present argument, *i.e.*, that had it not been for Defendant's alleged inducement to apply for a modification, "he would have sold his home for a substantial profit." [SAC, ¶¶20, 1, 9, 27].  Taking this argument into consideration the *Park* court held that plaintiff could not establish damages because she could not prove that "a potential buyer was ready, willing and able to purchase the property." <u>Park v. First American Title Company</u>, 201 Cal. App. 4th at 1425-1426.  According to the court, such proof would require showing that a prospective buyer made an offer, entered into a contract of sale, and had the financial "ability to purchase the property", such as by showing that he or she had obtained financing for the sale, preapproval for a loan or sufficient funds to purchase the property with cash. <u>Id</u>.

In making its determination, the court quoted <u>Westside Center Associates v.</u>

-15-

1 | Safeway Stores 23, Inc. (1996) 42 Cal. App. 4th 507, 523, 527 as follows:

2 |
3 | > The appellate court upheld the judgment against the owner, reasoning "[w]ithout an existing relationship with an identifiable buyer, [the owner]'s expectation of a future sale was 'at most a hope for an economic relationship and a desire for future benefit.' [Citation]." "The problem with [the] 'lost opportunity' approach is that it allows recovery no matter how speculative the plaintiff's expectancy" and "assumes what normally must be proved, i.e., that it is reasonably probable the plaintiff would have received the expected benefit had it not been for the defendant's interference."

4 |
5 |
6 |
7 |
8 |

9 | The same rationale applies here and Plaintiff's "lost profit/equity" theory is

10 | unsupported by any facts. Plaintiff does not allege any facts establishing that a

11 | potential buyer was ready, willing and able to purchase the property, or that a

12 | buyer had made an offer, entered into a contract of sale, or otherwise had the

13 | financial "ability to purchase the property". Park, supra, 201 Cal. App. 4th at

14 | 1425-1426.

15 | Predicated on all the foregoing arguments, Plaintiff's first cause of action

16 | for breach of the implied covenant fails and should be dismissed <u>without</u> further

17 | leave to amend.

18 | **D.   Plaintiff's Second Cause of Action for IIED Fails.**

19 | Plaintiff's second cause of action for IIED adds nothing new and is again

20 | based on the same allegation set forth in prior counts. [See SAC, ¶¶30-33].

21 | Because these prior allegations fail, so to must this claim based entirely thereon.

22 | Furthermore, to establish a claim for IIED, Plaintiff must allege "(1) extreme and

23 | outrageous conduct by the Defendants with the intention of causing, or reckless

24 | disregard of the probability of causing, emotional distress; (2) the plaintiff's

25 | suffering severe or extreme emotional distress; and (3) actual and proximate

26 | causation of the emotional distress by the Defendants' outrageous conduct.'"

27 | Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991) [internal citation

28 | omitted]. Extreme and outrageous conduct is defined as a conduct that so extreme

-16-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

as to exceed all bounds of that usually tolerated in a civilized community. Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982).

Plaintiff's cause of action fails because "[i]n the context of debt collection, courts have recognized that the attempted collection of a debt by its very nature often causes the debtor to suffer emotional distress." Ross v. Creel Printing & Publishing Co., 100 Cal. App. 4th 736, 745 (2002). In fact, collection of amounts due under a loan or restructuring a loan in a way that remains difficult for the borrower to repay is not considered as "outrageous" conduct necessary to state a claim for intentional infliction of emotional distress. Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 486 (1989). Plaintiff fails to allege any facts that would or even could imply conduct by Defendant that is beyond normal debt collection practices rising to the level of "extreme and outrageous" for purposes of an IIED claim. See, e.g., Pineda v. Reyes, 2009 WL 3388376 (S.D. Cal. 2009) (dismissing IIED claim in wrongful foreclosure suit); Reynoso v. Paul Financial, LLC, 2009 WL 3833298 at *12 (N.D. Cal. 2009). Plaintiff's raw conclusion that Defendant caused him to suffer "severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression" is not sufficient. [SAC, ¶32]. To the contrary, Plaintiff's own allegations demonstrate that Defendant never engaged in any conduct other than routine debt collection efforts as warranted under the Note and DOT, as well as under *Civil Code* 2924 *et seq.*

Further, emotional distress damages are not recoverable where the emotional distress arises solely from property damage or economic injury to the plaintiff. Butler Rupp v. Lourdeaux, 137 Cal. App. 4th 1220, 1229 (2005). In this case, Plaintiff's damages, if any, arise solely from his alleged economic injury. Thus, he is not entitled to recover damages resulting from his purported emotional distress. And finally, Plaintiff's claim fails since he adds nothing of value or substance to his claim that was not already adjudicated and held invalid in the

-17-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

FAC. As already determined by this Court upon the **_same_** allegations:

> [I]t is apparent that Plaintiff has not stated a claim for [IIED]. Putting aside Plaintiff's unsupported conclusion that Defendant "engineered" his default, the allegations describing how Plaintiff came to stop making loan payments are not "so extreme as to exceed all bounds of that usually tolerated in a civilized community….Similarly, the need to re-submit documentation, while annoying, simply cannot form the basis of this tort claim." [RJN, Exhibit "9", pg. 7, ln. 7-12].

Accordingly, Plaintiff's second cause of action for IIED fails and should be dismissed <u>without</u> further leave to amend.

### E.   Plaintiff's Third Cause of Action for Unfair Business Practices Fails.

Yet again, Plaintiff's third cause of action for violation of *Business and Professions Code* §17200 ("UCL") is premised exclusively on the SAC's prior allegations. [SAC, ¶¶34-40]. As before, because these allegations are invalid, Plaintiff's dependent UCL claim must fail as well.

Furthermore, in order to set forth a valid claim under *Business and Professions Code* §17200, a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising. <u>Stewart v. Life Ins. Co. of North America</u>, 388 F. Supp. 2d 1138 (2005); <u>Puentes v. Wells Fargo Home Mortg., Inc.</u>, 160 Cal. App. 4th 638, 643-644 (2008). "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." <u>Saunders v. Sup. Ct.</u>, 27 Cal. App. 4th 832, 838 (1999). "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." <u>Cal–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163, 187 (1999). When determining "whether the challenged conduct is unfair within the meaning of the unfair competition law…, courts may not apply purely

-18-

subjective notions of fairness." Id. at 184. The "fraudulent" prong under the UCL requires a showing of actual or potential deception to some members of the public, or harm to the public interest. Id. at 180; *see also* McKell v. Wash. Mutual, 142 Cal. App. 4th 1457 (2006). "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

Plaintiff's claim fails because he does not allege any facts to demonstrate conduct by Defendant that could be classified as unlawful, fraudulent, or an unfair business act or practice.   Nor does Plaintiff allege any conduct that could constitute a reasonable violation of any law, or the policy or spirit of such a law. Plaintiff also does not allege any conduct by Defendant that could be deemed fraudulent or found to significantly threaten or harm competition.

In addition, Plaintiff's cause of action fails because he does not and cannot allege any facts to demonstrate legal standing.   In order to have standing, a plaintiff must have been injured *as a result* of the alleged activity in question and have "suffered injury in fact and [have] **lost money or property** as a result of the unfair competition." *Bus. & Profs. Code* §17204 (emphasis added); Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1346 (2009); Hale v. Sharp Healthcare, 183 Cal. App. 4th 1373, 1384 (2010).   Relief under §17200 is limited to an injunction or restitution. State Farm Fire & Cas. Co. v. Superior Court, 45 Cal. App. 4th 1093, 1105.

Plaintiff has not and cannot allege that he suffered any injury-in-fact as a result of Defendant's conduct because *he has not lost any money or property*.   In fact, with respect to an injunction or "lost property," the foreclosure proceeding complained of was rescinded (for reasons unrelated to this action) such that there is no active foreclosure in existence at this time. [RJN, Exhibit "7"].   And as far as "lost money" goes, if anything, Plaintiff has directly benefited since he has admittedly withheld all monthly mortgage payments he was legally and

-19-

contractually obligated to make.  Plaintiff's cause of action fails as a matter of law.

In support of his claim, the SAC concludes that as a result of Defendant's conduct, "Plaintiff has suffered various damages and injuries, including…loss of money and property…through overcharges, incurred attorney's fees, a loss of reputation and goodwill, destruction of credit, severe emotional distress…" [SAC, ¶38].  As detailed above, this is entirely insufficient.  First, loss of reputation, destruction of credit, and emotional distress damages are not viable losses of money or property as contemplated under Section 17204.  Second, a claim for "overcharges" and "fees" related to the foreclosure cannot prevail since Plaintiff admittedly has not paid any of these fees; thus he not lost any money or property.  Moreover, allegations that a borrower "incurred out of pocket monetary damages" and "continues to incur monetary damages" are far too conclusory as to the lost money element. Jensen v. Quality Loan Serv. Corp., 702 F.Supp.2d 1183, 1199 (E.D. Cal. 2010).

Also, Plaintiff must demonstrate that he suffered injury in fact and has lost money or property as a direct result of the unfair competition. Degelman v. Advanced Med. Optics, Inc., 659 F.3d 835, 839 (9th Cir. 2011). "[A] plaintiff… lacks standing if he cannot causally link the defendant's conduct to [the] loss." Ford v. Lehman Bros. Bank, FSB, 2012 WL 2343898 at *8 (N.D. Cal. 2012). Plaintiff fails to even assert any facts as to how these "overcharges" and "fees" directly arose from Defendant's alleged conduct. "An absence of *facts* describing the money or property allegedly lost is fatal to a plaintiff's UCL claim." Ford v. Lehman Bros. Bank, FSB, 2012 WL 2343898 at *8 (N.D. Cal. 2012) (citing Saldate v. Wilshire Credit Corp., 711 F.Supp.2d 1126, 1137 (E.D.Cal.2010)).

Lastly, in order to allege a violation of the *Business and Professions Code* §17200, a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation. Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting Khoury v. Maly's of

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

<u>California</u>, 14 Cal. App. 4th 612, 619, (1993)). Here, Plaintiff's entire action suffers from a lack of particular facts. Without any such details, Plaintiff's allegations of unfair, unlawful, or fraudulent conduct are nothing more than self-serving speculation.  Plaintiff fails to state any facts with the required degree of reasonable particularity and, at a very minimum, fails to allege how any business practice or act by any defendant was in fact "unlawful, unfair or fraudulent".

As a result, Plaintiff's third cause of action for unfair business practices fails and should be dismissed <u>without</u> further leave to amend.

## IV.   CONCLUSION

Plaintiff's SAC is fatally deficient and permitting him to amend would serve no useful purpose given the fact that the allegations, under the circumstances, cannot give rise to any cause of action.  A trial court does not abuse its discretion by granting a motion to dismiss without leave to amend if it appears from the complaint that under applicable substantive law there is no reasonable possibility that an amendment could cure the complaint's defect. <u>Dumas v. Kipp</u>, 90 F.3d 386, 393 (9th Cir. 1996). Further, "the district court's discretion to deny leave to amend is **particularly broad where plaintiff has previously amended the complaint.**" <u>City of Los Angeles v. San Pedro Boat Works</u>, 635 F.3d 440, 454 (9th Cir. 2011) (emphasis added).

In light of the foregoing, Defendant respectfully requests that the Honorable Court grant its Motion to Dismiss, in its entirety, <u>with</u> prejudice.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  April 29, 2013        By:     /Todd E. Chvat/
                                      T. Robert Finlay, Esq.,
                                      Todd E. Chvat, Esq.,
                                      Attorneys for Defendant
                                      SUNTRUST MORTGAGE, INC., a
                                      Virginia corporation

-21-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## **PROOF OF SERVICE**

I, Margaret Augustyniak, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On April 30, 2013, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Matthew Mellen, Esq
Jessica Galletta, Esq
Mellen Law Firm
411 Borel Avenue, Ste 230
San Mateo, Ca 94420
(650) 638-0120
**Attorneys for Plaintiff**

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (BY OVERNITE EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 30, 2013, at Newport Beach, California.

Margaret Augustyniak