IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNIE FRANCZAK, | CASE NO. 5:12-cv-01453 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SUNTRUST MORTGAGE INC., | |
| Defendant(s). | [Docket Item No(s). 44, 47] |

## I. INTRODUCTION

On or about October 17, 2007, Plaintiff Bernie Franczak ("Plaintiff") executed a Deed of Trust for $417,000.00 in favor of Defendant Suntrust Mortgage Inc. ("Defendant") in order to purchase certain real property located in San Jose, California. See Second Am. Compl. ("SAC"), Docket Item No. 38, at ¶ 8; see also Req. for Judicial Notice ("RJN"), Docket Item No. 44, at Ex. 1.[1]

Beginning September, 2008, Plaintiff inquired about a loan modification. See SAC, at ¶ 9. In response to his inquiry, "Defendant told Plaintiff that he could not apply for a loan modification unless he was three months late on his payments." Id. at ¶ 10. Plaintiff then defaulted on his loan payments in reliance on this information. Id. Plaintiff was eventually approved for a modification,

---

[1] Defendant's RJN is GRANTED to the extent referenced in this Order. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

1
CASE NO. 5:12-cv-01453 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

1  but the payments offered by Defendant were "a nearly 100% increase from the Trial Payment Plan."
2  Id. at ¶ 17. Defendant commenced foreclosure proceedings, which have since been rescinded. See
3  RJN, at Exs. 5-8.

4  Plaintiff initiated this action against Defendant in state court on February 17, 2012. See
5  Docket Item No. 1. Defendant removed the action to this court on March 22, 2012. Id. The court
6  then dismissed Plaintiff's First Amended Complaint with leave to amend in part on March 6, 2013.
7  See Docket Item No. 37.

8  Plaintiff filed the SAC on March 22, 2013. Presently before the court is Defendant's Motion
9  to Dismiss that pleading pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Item No.
10 44. Also before the court is Plaintiff's Motion for Leave to File a Third Amended Complaint. See
11 Docket Item No. 47. Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully
12 considered the relevant documents for both motions, the court has determined that Plaintiff's Motion
13 should be denied and Defendant's Motion should be granted for the reasons explained below.

## II. MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

### A. Legal Standard

16 Ordinarily, leave to amend is granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court
17 should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893
18 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the
19 complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an
20 exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki
21 Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). "The district court's discretion to deny
22 leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon
23 Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

24 Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to
25 the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316
26 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing
27 prejudice." In re Fritz Cos. Secs. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27. 2003)
28

United States District Court
For the Northern District of California

(citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).[2]

### B. Discussion

Plaintiff seeks to file a Third Amended Complaint ("TAC") which contains two new causes of action: one for promissory estoppel and one for negligent misrepresentation, along with corresponding amended allegations. In opposition, Defendant argues that Plaintiff's proposed amendments are both futile and prejudicial. The court more or less agrees with Defendant's argument.

Looking first at the issue of futility, "a court typically applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." Stonebrae, L.P. v. Toll Bros., Inc., No. C-08-0221 EMC, 2010 U.S. Dist. LEXIS 1199, at *3, 2010 WL 114010 (N.D. Cal. Jan. 7, 2010) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997)). To survive a 12(b)(6) dismissal motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted); Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (emphasis added). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. A complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Moreover, fraud-based claims are subject to heightened pleading requirements under Federal

---

[2] Technically speaking, this motion is governed by Federal Rule of Civil Procedure 16's "good cause" standard because the court-imposed deadline for amendments to pleadings expired on August 31, 2012, according to the scheduling order filed July 2, 2012. Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled."). The court will apply Rule 15, however, because it subsequently directed Plaintiff to comply with that rule in seeking leave to amend. See Docket Item No. 37.

3
CASE NO. 5:12-cv-01453 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

Plaintiff did not provide sufficient factual information to support a cause of action for negligent misrepresentation, primarily due to the heightened pleading standard which applies. "Negligent misrepresentation is a form of deceit, the elements of which are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce the plaintiff's reliance, (4) ignorance of the truth and justifiable reliance by the plaintiff, and (5) damages." Garcia v. Ocwen Loan Servicing, LLC, No. 10-0290, 2010 U.S. Dist. LEXIS 45375, at *5, 2010 WL 1881098 (N.D. Cal. May 10, 2010) (citing Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986)). "It is well-established in the Ninth Circuit that both claims . . . negligent misrepresentation must meet Rule 9(b)'s particularity requirements." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).[3]

Here, Plaintiff seeks to allege, on the one hand, that "Defendant represented to Plaintiff that Plaintiff was qualified to receive lower monthly payments," and, on the other hand, that Defendant stated he "would absolutely receive a loan modification and reduced payments if he missed payments." See TAC, at ¶¶ 10, 42. To the extent being "qualified" for something can be equated with being "absolutely" entitled to receive it, these allegations are not specific enough to plead a

---

[3] Plaintiff's argument that a claim of negligent misrepresentation falls outside of Rule 9(b)'s purview unless it is accompanied by a stand-alone claim for fraud is unpersuasive. "[I]n California negligent misrepresentation is a form of fraud and deceit" (Continental Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal. App. 3d 388, 403 (1989)), and for that reason is subject to a heightened pleading standard in federal court, regardless of whether the plaintiff also asserts fraud directly. See Rumbaua v. Wells Fargo Bank, N.A., Case No. 11-1998 SC, 2011 U.S. Dist. LEXIS 95533, at *10, 2011 WL 3740828 (N.D. Cal. Aug. 25, 2011). The cases cited by Plaintiff do not hold otherwise.

claim based in fraud. Indeed, Plaintiff does nothing more than identify a month in which a Defendant's unidentified representative said something along with the general nature of what was said. That is not enough. See Harvey v. Bank of America, N.A., No. 12-3238-SC, 2012 U.S. Dist. LEXIS 154319, at *28-29, 2012 WL 5337425 (N.D. Cal. Oct. 26, 2012) ("Plaintiff identifies, at best, the thrust of what was said and in what month it was said. Though this is enough (barely) to satisfy the relatively relaxed pleading standard required for promissory estoppel . . . it is not enough to plead fraud."). As already noted, allegations of fraud must be "specific;" general, vague and conclusory allegations which lack the "who, what, when, where, and how," like the ones contained in the TAC, miss the mark. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Under these circumstances, allowing Plaintiff to assert a claim for negligent misrepresentation would constitute an exercise in futility.

A review of this action's history also reveals that the TAC would cause undue prejudice to Defendant as well as unduly delay this case. As Defendant indicated in its opposition to this motion, the TAC, if filed, would constitute Plaintiff's *fourth* complaint in this case, the first having been filed in state court on February 17, 2012, the second on April 26, 2012, and the third on March 22, 2013. See Docket Item Nos. 1, 11, 38. Interestingly, the preliminary versions of the complaint do not contain the definitive allegation Plaintiff seeks to now insert through the TAC (that Defendant promised Plaintiff would "absolutely" receive a loan modification if he missed payments).[4] That allegation makes an appearance in the later two versions, without a reasonable explanation from Plaintiff as to why he suddenly came to the realization of such an obvious fact over a year after this case was initiated. The court finds this observation compelling. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (holding that, when considering whether to grant a motion to amend under Rule 15, "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."); see also Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) ("Late amendments to assert new theories

---

[4] Plaintiff originally alleged he could not "remember the specific statements Defendant made but was left with the impression that he was being encouraged to go late on his loan." See First Am. Compl., Docket Item No. 11, at ¶ 10.

are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

Equally compelling is the timing and history of this particular motion. According to the docket, Plaintiff filed the motion to amend once before on March 25, 2013, but then withdrew it. See Docket Item Nos. 39, 43. It resurfaced in its current form on May 10, 2013, but only *after* Defendant had filed a second motion to dismiss. There is no apparent reason why the motion could not have proceeded based on the first filing. Indeed, an earlier resolution would have clarified the pleading at issue and allowed Defendant to respond accordingly. Now, however, Plaintiff has created a situation whereby Defendant's second, fully-briefed motion to dismiss could be rendered moot just at the point when it is ready to be decided. Considering these circumstances as well as the fact that at least one of the two new claims fails to meet the applicable pleading standard, it appears to the court that the true purpose of this motion is to prevent a ruling on the pending motion to dismiss by superseding the operative pleading at the last possible moment, forcing Defendant to, literally, "go through the motions" - again. Plaintiff cannot use Rule 15 to create a moving target. See O'Banion v. Select Portfolio Servs., Inc., Case No. 1:09-cv-00249-EJL-CWD, 2011 U.S. Dist. LEXIS 133116, at *18, 2011 WL 5572625 (D. Idaho Nov. 16. 2011). Such conduct is dilatory and prejudicial to Defendant.

In light of the discussion above, the court finds that Plaintiff's proposed amendments are futile in part. The court also finds that allowing for further amendment at this time - after Plaintiff has already amended his pleading twice - would cause undue delay and would, ultimately, unduly prejudice Defendant. Plaintiff's motion will therefore be denied.

### III. MOTION TO DISMISS

#### A. Legal Standard

The court now turns to Defendant's Motion to Dismiss. The applicable legal standard, as previously abbreviated above in discussing Plaintiff's Motion, is well-established. Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550

6
CASE NO. 5:12-cv-01453 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

U.S. at 555 (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Iqbal, 556 U.S. at 664. The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

**B.     Discussion**

With the applicable standard in mind, the court now construes the SAC. That pleading contains three causes of action: (1) breach of the covenant of good faith and fair dealing, (2) intentional infliction of emotional distress, and (3) violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 et. seq. These causes of action were each dismissed pursuant to Defendant's first Motion to Dismiss. They fare no better this time.[5]

---

[5] Defendant has again argued that this case is barred by estoppel because Plaintiff did not disclose the claims in his bankruptcy case. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001) ("In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."). Plaintiff has since done so in amended bankruptcy schedules, of which the court takes judicial notice. See Docket Item No. 48. That being this case, estoppel is no longer a potential bar to this action.

### 1. Breach of the Covenant of Good Faith and Fair Dealing

In California, a covenant of good faith and fair dealing is implied in every contract. Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371-72 (1992). Its purpose is to ensure that "'neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000) (quoting Comunale v. Traders & Gen. Ins. Co., 50 Cal.2d 654, 658 (1958)). "[T]he factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

The original version of this cause of action failed for two reasons. First, Plaintiff had not identified which provision of what contract was purportedly impeded by Defendant. Second, Plaintiff had not plead sufficient facts to demonstrate what constituted Defendant's "unfair interference."

In the SAC, Plaintiff now clarifies two provisions upon which he bases this claim - one requiring monthly mortgage payments and one allowing the lender to require full payment upon sale or transfer of the property. See SAC, at ¶¶ 24, 26. But the problem remains that Plaintiff has not plead facts describing any "*unfair* interference" with those provisions. As this court previously indicated, an implied covenant claim requires the plaintiff to "show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990). Now, as before, Plaintiff only alleges in one form or another

that Defendant "encouraged" him to miss loan payments in order to qualify for a loan modification, and that this "encouragement" interfered with his ability to make timely payments or to sell the property in lieu of a modification. See SAC, at ¶¶ 24-27.  Under these circumstances, however, "encouragement" does not equate to a "conscious" and "deliberate" act by Defendant because, in the end, it was Plaintiff's choice to pursue a modification.  All that is revealed by these allegations is that Defendant offered Plaintiff an option.  Defendant did not, for example, force Plaintiff into an unwanted modification, refuse to accept valid loan payments, or deny Plaintiff the ability to sell the property without justification.

One of this court's contemporaries has reasoned this type of implied covenant claim "fails unless the defendant actively hindered a plaintiff's obligation to pay his loans." Cockrell v. Wells Fargo Bank, N.A., Case No. CV 13-2072 SC, 2013 U.S. Dist. LEXIS 103050, at *10, 2013 WL 3830048 (N.D. Cal. July 23, 2013).  That reasoning is adopted here.  Since Plaintiff has not alleged active hindrance after two opportunities to do so, this cause of action will be dismissed without leave to amend.  See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

### 2. Intentional Infliction of Emotional Distress

Plaintiff has reasserted a claim for intentional infliction of emotional distress that is nearly identical to the one asserted previously.  The court dismissed the first version because Plaintiff had not attributed qualifying conduct to Defendant.  He has again failed to do so in the SAC.

To support a claim for intentional infliction of emotional distress a plaintiff must show the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993) (internal quotations omitted).  Conduct is "outrageous" if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.

Although Plaintiff has abandoned the specific allegation that Defendant "engineered" his

9
CASE NO. 5:12-cv-01453 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

default, he still asserts exactly that by alleging that Defendant "induced" him "to forego selling his property for profit and, instead, receive a lower monthly payment by way of a loan modification, all in order to ultimately foreclose on Plaintiff's property and receive the equity that Plaintiff had accumulated." See SAC, at ¶ 31. But for reasons already explained, the specific factual allegations do not support the conclusion that Defendant induced Plaintiff to do anything when it offered him the option of a modification. This claim is not based on anything that can be considered "outrageous" and, for that reason, is not plausible.

The court concludes that Plaintiff has again failed to plead the type conduct necessary to support intentional infliction of emotional distress. Accordingly, this cause of action will be dismissed, this time without leave to amend. See Miller, 845 F.2d at 214.

### 3. UCL

Just as before, Plaintiff has "tethered" the UCL claim to his other causes of action. See SAC, at ¶ 35. Because those claims will be dismissed, the dependent UCL claim will also be dismissed without leave to amend.

### IV. ORDER

Based on the foregoing, Plaintiff's Motion for Leave to File a Third Amended Complaint (Docket Item No. 47) is DENIED. Defendant's Motion to Dismiss (Docket Item No. 44) is GRANTED. All causes of action contained in the SAC are DISMISSED WITHOUT LEAVE TO AMEND.

Since this result constitutes a final resolution of the case, judgment will be entered in favor of Defendant. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 5, 2013

EDWARD J. DAVILA
United States District Judge

10
CASE NO. 5:12-cv-01453 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS